JAMES M. LA POINTE, District Attorney, Ozaukee County
You have requested my opinion regarding the following issue:
"Do municipal police officers who have not been deputized by the county sheriff have the authority to hold a person after the person's arrest by such municipal officer after notice by an adjoining municipality in another county that a warrant or capias has been issued in a non-criminal action for the arrested person?"
The officers possess such authority. Upon learning from the adjoining municipality that a civil warrant has been issued, municipal police may arrest and detain the accused without the *Page 276 
warrant. Sec. 968.07 (1) (b), Stats. If the person is not promptly returned to the issuing authority, bail procedures outlined in sec. 969.11, Stats., must be observed.
Arrests are, by definition, made for the purpose of detention. 6 C.J.S., Arrest, sec. 23.
Section 300.17, Stats., provides that process in municipal courts is governed by ch. 965 (now renumbered ch. 968). Criminal and non-criminal warrants are both covered by sec. 968.04, Stats., and no distinction is drawn between the two.
Reasonable detention is implicit in secs. 968.07, 970.01 and969.11, Stats., the last section providing the basis for the return of the defendant to the issuing county.
Section 954.037, Stats., which has now been incorporated in sec. 969.11, Stats., provided that the officer making the arrest
on a felony warrant was to convey the prisoner to the issuing jurisdiction. The felony distinction has now been deleted and, whereas sec. 954.037, Stats., charged the arresting officer with the responsibility of returning the prisoner, sec. 969.11, Stats., requires only that the defendant ". . . shall without unreasonable delay, . . . be returned to the county in which the offense was committed." The new section makes no mention of the arresting officer.
RWW:SOT